IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET COLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | CV-11-74 |
| ) | JURY DEMAND |
| ) | |
| ZUNDEL'S, INC., ) | |
| ) | |
| Defendant. ) | |

# **AMENDED COMPLAINT**

**COMES NOW** the plaintiff, Margaret Coles, by and through her attorneys of record, and for her Amended Complaint against the Defendant, Zundel's, Inc., states the following:

### **I. NATURE OF THE CASE**

1. This is a Complaint brought forth by the Plaintiff, Margaret Coles, who at all relevant times herein an adult female resident of Mobile County, Alabama, and employed by the Defendant, Zundel's Inc., which has its place of business located at 3670 Dauphin Street, Mobile, Alabama 36608. Plaintiff has been affected by the

1

employment practices and discrimination alleged in the claims set forth below and seeks permanent relief from the unlawful employment and discrimination practices involving her termination and the terms and conditions of her employment by the Defendant. The practices complained of were committed by the Defendant in violation of §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S. C. § 1981a (hereinafter "TITLE VII"); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (Hereinafter "ADEA").

## II.  JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12101, et seq., 42 U.S.C. § 1981a, 42 U.S.C. § 2000e, et seq., and FLSA, 29 U.S.C. §201 et seq.

3. The Defendant is located and doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. § 12101, et seq., 42 U.S.C. § 2000e, et seq., and 28 U.S.C. § 1391.

## III.  ADMINISTRATIVE PREREQUISITES

4. On or about July 15, 2009, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). That charge was

filed within 180 days of the commission of the unlawful employment practices alleged herein. During the week of April 7, 2011, the EEOC issued a "for cause" finding and ordered the parties to conciliation proceedings. These conciliation efforts are still on-going and at the time of filing this Amended Complaint, pursuant to the Court's Order of April 19, 2011 (doc. 4), the EEOC has not issued the Notice of Right to Sue on Plaintiff's claims.

## IV. PARTIES

5. Plaintiff, Margaret Coles, (hereinafter "Ms. Coles" or "Plaintiff") is an white female resident of the United States over the age of nineteen (19) years and is a resident citizen of this judicial district. Plaintiff was employed by defendant at all times material hereto. As such, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA, Title VII, and the ADEA.

6. Defendant, Zundel's Inc., (hereinafter "Defendant"), is an employer doing business in the State of Alabama, employees more than (20) persons, and otherwise meets the jurisdictional prerequisites of the FLSA, Title VII, and the ADEA. Defendant is an "employer" within the meaning of the Title VII and the ADEA.

## V. FACTUAL BACKGROUND

7. Defendant Zundel's, Inc., is a corporation conducting business in the State of Alabama.

8. Plaintiff Coles resides in Mobile, Alabama.

9. At all times material to this action, the plaintiff was employed by defendant.

10. For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently requiring hourly employees to work overtime without paying them overtime compensation for this work. Plaintiff seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

11. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

12. The overtime provisions set forth in §§206 and 207, respectively, of the FLSA apply to defendant and the Plaintiff was covered by §§ 206 and 207 of the FLSA while she was employed by Defendant.

13. At all times relevant to this action, Defendant employed Plaintiff in the capacity of Sales Associate.

14. The services performed by Plaintiff was a necessary and integral part of and directly essential to defendant's business.

15. Plaintiff was required to work overtime hours and was not compensated

for those hours.

16. Defendant has intentionally and wilfully failed and/or refused to pay the Plaintiff for overtime rates according to the provisions of the FLSA.

17. The systems, practices and duties of the Plaintiff have existed for at least three years throughout the defendant's businesses.

18. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay overtime pay when employees perform overtime work. Despite this knowledge, the Defendant has failed to pay its employees the mandatory lawful overtime wage to conform the duties of these employees to the requirements of the FLSA.

19. Defendant has intentionally and repeatedly misrepresented the true status of overtime compensation to its employees as well as their entitlement to overtime pay in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The Plaintiff relied upon these misrepresentations by defendant and was unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

20. As a result of the actions of Defendant in fraudulently concealing the true status of its employees when performing overtime pay under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long

as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations.

21.     Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiff in accordance with §207 of the FLSA.

22.     As a result of defendant's violations of the FLSA, the Plaintiff has suffered damages by failing to receive overtime wages in accordance with §207 of the FLSA. In addition to the amount of unpaid wages owing to the Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

23.     Defendant's actions in failing to compensate the plaintiff, in violation of the FLSA, were wilful.

24.     Defendant has not made a good faith effort to comply with the FLSA.

25.     Plaintiff's date of birth is October 16, 1944, and she is a female. Plaintiff is currently 66 years old.

26.     Throughout her employment with Defendant, Plaintiff was treated differently in the terms and conditions of her employment due to her age and her gender. Plaintiff was paid less than younger male employees and she was denied

training. All of this conduct was due to her gender and her age.

27. Defendant hired a younger male, Kauffman, who had no previous experience and paid him more in salary than Plaintiff. Plaintiff had been working for Defendant for many years and was more qualified than this younger male.

28. In or about February 2009, Defendant laid off Plaintiff in an alleged reduction in force. Defendant retained younger, less qualified employees than Plaintiff. Defendant also retained less qualified males employees, including Kauffman. Plaintiff had more experience and was better qualified than these younger and male employees who were retained.   Plaintiff was terminated by Defendant due to her gender and age.

## COUNT ONE

## FLSA CLAIMS

29. Plaintiff realleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail herein below.

30. Defendant Zundel's, Inc., is a corporation conducting business in the State of Alabama.

31. Plaintiff Coles resides in Mobile, Alabama.

32. At all times material to this action, the plaintiff was employed by defendant.

33. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendant which have deprived the plaintiff of her lawful wages.

34. This action is brought to recover unpaid compensation owed to plaintiff. For at least three years prior to filing this complaint, defendant has had a uniform policy and practice of consistently requiring hourly employees to work overtime without paying them overtime compensation for this work. Plaintiff seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

35. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Southern District of Alabama under 28 U.S.C. §1391(b).

36. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

37. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

38. At all times relevant to this action, Defendant was "employer" of the

plaintiff as defined by §203(d) of the FLSA.

39. At all times material to this action, the plaintiff was an "employee" of defendant as defined by §203(e)(1) of the FLSA, and worked for defendant within the territory of the United States within three years preceding the filing of this lawsuit.

40. The overtime provisions set forth in §§206 and 207, respectively, of the FLSA apply to defendant and the plaintiff was covered by §§ 206 and 207 of the FLSA while she was employed by defendant.

41. At all times relevant to this action, defendant employed plaintiff in the capacity of Sales Associate.

42. The services performed by plaintiff was a necessary and integral part of and directly essential to defendant's business.

43. Plaintiff was required to work overtime hours and was not compensated for those hours.

44. Defendant has intentionally and wilfully failed and/or refused to pay the plaintiff for overtime rates according to the provisions of the FLSA.

45. The systems, practices and duties of the plaintiff have existed for at least three years throughout the defendant's businesses.

46. For at least three years, the defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay overtime pay when

employees perform overtime work. Despite this knowledge, the defendant has failed to pay its employees the mandatory lawful overtime wage to conform the duties of these employees to the requirements of the FLSA.

47.     Defendant has intentionally and repeatedly misrepresented the true status of overtime compensation to its employees as well as their entitlement to overtime pay in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The plaintiff relied upon these misrepresentations by defendant and was unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

48.     As a result of the actions of defendant in fraudulently concealing the true status of its employees when performing overtime pay under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations.

49.     Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay plaintiff in accordance with §207 of the FLSA.

50     As a result of defendant's violations of the FLSA, the plaintiff has suffered

damages by failing to receive overtime wages in accordance with §207 of the FLSA.

51. In addition to the amount of unpaid wages owing to the plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

52. Defendant's actions in failing to compensate the plaintiff, in violation of the FLSA, were wilful.

53. Defendant has not made a good faith effort to comply with the FLSA.

54. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

> **WHEREFORE**, plaintiff, pursuant to §216(b) of the FLSA, prays for the following relief:

1. Plaintiff be awarded damages in the amount of her respective unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

4. Plaintiff further demands a jury to try the issues when joined.

## COUNT TWO

## GENDER DISCRIMINATION - TITLE VII

55. Plaintiff realleges and incorporates by reference paragraphs 1- 54 above with the same force and effect as if fully set out in specific detail herein below.

56. Plaintiff is an employee within the meaning of Title VII and Defendant is an employer within the meaning of Title VII.

57. Throughout her employment, Defendant intentionally and maliciously discriminated against Plaintiff by discriminatorily assigning job duties, discriminatorily denying training, discriminatorily applying job requirements, discriminatorily applying the disciplinary policy, subjecting Plaintiff to a higher level of scrutiny than her male co-workers, and by actual termination of Plaintiff's employment, at least in part, on the basis of the Plaintiff's gender, female. Defendant's action were in violation of TITLE VII and were taken with malice or reckless indifference to the federally-protected rights of the Plaintiff.

58. As the result of the Defendant's conduct, Plaintiff was deprived of income and other benefits due to her. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

59. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, an injunction,

and compensatory and punitive damages is her only means of securing adequate relief.

60. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands the following relief:

(a) Reinstatement; or, in the alternative,

(b) Front pay for the years she would have worked absent Defendant's discriminatory treatment,

(c) All back pay from the date of her discrimination in pay and her wrongful termination;

(d) Injunctive and Declaratory relief;

(e) Pre-judgment interest;

(f) Attorney's fees;

(g) Costs;

(h) Punitive damages to deter such conduct in the future;

(i) Compensatory damages for loss wages, loss of benefits, mental anguish, emotional distress, and embarrassment;

(j) Such other relief as to which he may be entitled.

## COUNT THREE

## AGE DISCRIMINATION (ADEA)

61. Plaintiff realleges and incorporates by reference paragraphs 1- 60 above with the same force and effect as if fully set out in specific detail herein below.

62. Plaintiff is an employee within the meaning of the ADEA and Defendant is an employer within the meaning of the ADEA.

63. Throughout her employment Plaintiff was treated differently in the terms and conditions of her employment due to her age. The Defendant intentionally and maliciously discriminated against Plaintiff by discriminatorily assigning job duties, discriminatorily denying training, discriminatorily applying job requirements, discriminatorily applying the disciplinary policy, subjecting Plaintiff to a higher level of scrutiny than her younger co-workers, and by actual termination of Plaintiff's employment, at least in part, on the basis of the Plaintiff's age. Younger less qualified employees were not treated in the same manner as Plaintiff. Plaintiff was terminated due to her age and replaced by a younger individual with less qualifications than Plaintiff. Defendant intentionally terminated Plaintiff due to her age, and Defendant intentionally denied Plaintiff employment opportunities and training due to her age.

64. The above described actions of Defendant constitute discrimination in the terms and conditions of Plaintiff's employment, and constitute discrimination within the meaning of the ADEA. Defendant's actions are in violation of the ADEA. 65.

As a result of Defendant's intentional acts, Plaintiff has been injured in that she

has suffered loss of income and benefits, and she continues to suffer loss of income and benefits.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands the following relief:

(a) Reinstatement; or, in the alternative,

(b) Front pay for the years she would have worked absent Defendant's discriminatory treatment,

©) All back pay from the date of her wrongful termination;

(d) Injunctive and Declaratory relief;

(e) Pre-judgment interest;

(f) Attorney's fees;

(g) Costs;

(h) Punitive damages to deter such conduct in the future;

(i) Compensatory damages for loss wages, loss of benefits, mental anguish, emotional distress, and embarrassment;

(j) Liquidated damages on her ADEA claims; and

(k) Such other relief as to which he may be entitled.

                               Respectfully submitted,

                               /s/ Candis A. McGowan

           Candis A. McGowan (ASB-9358-O36C)
           Kevin W. Jent (ASB-0804-e61k)
           Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500


  The plaintiff demands a trial by jury on all claims triable to a jury.

           Candis A. McGowan



**DEFENDANT'S ADDRESS:**

Zundel's, Inc.
3670 Dauphin Street
Mobile, Alabama 36608

16