IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET COLES,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | CIVIL ACTION NO. 11-0074-KD-B |
| ) | |
| ZUNDEL'S, INC.,     ) | |
| ) | |
| Defendant.     ) | |

## ORDER

This action is before the Court on the joint motion to approve Fair Labor Standards Act Settlement and Stipulation of Dismissal (doc. 28) and the Release and Settlement of Fair Labor Standards Act Claims (doc. 29-1).[1]  Upon consideration and for the reasons set forth herein the motion is **GRANTED**.  Therefore, the Settlement is **APPROVED** as a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act provisions and plaintiff Margaret Coles is due to be paid the sum of $2,125.00 as back wages and her counsel is due to be paid the sum of $875.00 as a reasonable attorney's fee for a total of $3,000.00.

Accordingly, this FLSA action is dismissed with prejudice.  Further, the Court does not retain jurisdiction to enforce the settlement agreement. Final judgment as required by *Lynn's Food Stores, Inc. v. United States of America*, 679 F. 2d. 1350 (11th Cir. 1982), shall be entered by separate document.

Background

Plaintiff Margaret Coles brought this action for violation of § 216(b) of the Fair Labor Standards Act (FLSA);  Title VII  of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as

---

[1] The parties' joint motion to substitute exhibit (doc. 29) is **GRANTED**.

amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (Title VII); and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq* (ADEA).  The parties now move the Court to approve their settlement as to the FLSA claims wherein Coles agrees to settle her FLSA dispute with Zundel's for the sum of $2,125.00, plus attorneys' fees and expenses in the amount of $875.00, for a total of $3,000.00.  The parties also stipulate to dismissal of this FLSA action.

<u>Settlement of private actions under the FLSA</u>

In *Lynn's Food Stores*, the Eleventh Circuit recognized two methods for settlement of claims brought pursuant to the FLSA:  Supervision by the Secretary of Labor or by court approval in a private action where plaintiff is represented by counsel. The circuit court stated that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.' " 679 F. 2d. at 351 (citation omitted).  Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim and may do so only with Court approval of the settlement agreement. The rationale is that

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.  The circuit court concluded that

> [o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a

2

suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

*Lynn's Food Stores*, 679 F.2d at 1355.

Therefore, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions" and then determine whether the settlement agreement proposed is a fair and reasonable resolution of that dispute.

<u>Bona fide dispute over FLSA provisions</u>

In her complaint, Coles brings suit under 29 U.S.C. § 216(b) and alleges that Zundel's failed to pay overtime. Zundel's denies that any overtime pay is owed to Coles and asserts several affirmative defenses including the defense that the FLSA does not apply because Coles is exempt. Zundel's asserts that it is not an "employer" and Coles is not an "employee" as contemplated under the FLSA (doc. 9, answer to amended complaint and affirmative defenses).

Section 216(b) provides that " . . . [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . " 29 U.S.C. § 216(b). Section 207 is captioned "Maximum Hours" and paragraph (a)(1) states as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Upon review of the amended complaint and answer (docs. 5, 9), the Court finds that there is a "bona fide dispute" as to whether back pay is owed and as to whether the FLSA applies. *See*

*Lynn's Food Stores*, 679 F.2d at 1353. ("If a settlement in an employee FLSA suit ... reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

<u>Fair and reasonable resolution of a bona fide dispute</u>

In *Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009), the circuit court explained that the FLSA imposes a heightened duty on the Court to "scrutinize for fairness" a settlement agreement in a private claim brought pursuant to the Act. The Court may approve a compromise of an FLSA claim where there are "problems" which warrant a reasonable compromise. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) ("Problems, for example, in proving hours-worked or "non-exempt" status-or the presence of some other lawful defense to payment (if any)-may warrant a reasonable compromise, if the court approves."); *Meek v. Wachovia Corporation*, 2007 WL 2728404, 2 (M.D. Fla. Sept. 17, 2007) ("The settlement to Plaintiff is a reflection of the difficulties of proof Plaintiff faced, should he proceed to trial, and makes allowances for the inherent difficulties and costs of a trial.").

The parties report that a settlement conference was held before the Magistrate Judge which resulted in a resolution of the FLSA claims (doc. 28). The parties also report that "[h]ad this claim not been resolved through a settlement, Plaintiff would seek recovery of [$20,592.00] plus liquidated damages in the same amount. Defendant denies and disputes that it owed Plaintiff any additional pay under the FLSA and affirmatively asserted that Plaintiff's FLSA claims were largely, if not completely, time-barred." (doc. 28). In the answer, Zundel's also asserted that it was not an "employer" and Coles was not an "employee" as contemplated under the FLSA. Thus, in the face of these "problems", Coles agreed to compromise her claim but did

4

not waive or compromise her right to attorney fees.  Therefore, the Court approves the compromise of Cole's FLSA claim as a fair and reasonable resolution of a bona fide FLSA dispute and Coles is due to be paid $2,125.00 as back wages.

Attorney fees

The FLSA requires that in any action to enforce §207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  The FLSA also "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. Appx. at 351.  In order to determine the reasonableness of the attorney's fees requested, the Court begins with the lodestar analysis: The number of hours reasonably expended multiplied by a reasonable hourly rate. *Johnson v Georgia Highway Express*, 488 F. 2d 711 (5th Cir. 1974)

In the motion (doc. 28), Coles' counsel explains that she spent five hours as to the FLSA claims and seeks approval of $175.00 per hour for a total of $875.00.  The Court finds five hours to be a reasonable amount of time expended especially in light of preparing for and attending the settlement conference with the Magistrate Judge.[2]  The Court further finds that $175.00 per hour is a reasonable hourly rate for representation in an FLSA action in this district.[3] *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations

---

[2] The Court acknowledges that the settlement conference also resolved Coles' claims under Title VII and the ADEA, but five hours devoted to the FLSA claim is not unreasonable.

[3] The Court recently awarded $200.00 per hour and $250.00 per hour in FLSA cases and on one occasion awarded $300.00 per hour for an attorney with over twenty five years experience.

omitted) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

Generally, in this circuit, "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Longcrier v. HL-A Co., Inc.*, 2009 WL 1118906, 1 (S.D. Ala., Apr. 27, 2009) quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Therefore, the Court finds that the lodestar of $875.00 is a reasonable attorney's fee and no adjustments to the lodestar are necessary.

DONE this the 14th day of June, 2012.

                                       s/ Kristi K. DuBose
                                       KRISTI K. DuBOSE
                                       UNITED STATES DISTRICT JUDGE